UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERUZ K. ODILOV,<br><br>                              Petitioner,<br><br>v.<br><br>PAMELA BONDI; KRISTI NOEM;<br>DANIEL A. BRIGHTMAN; and JEREMY<br>CASEY,<br><br>                              Respondents. | Case No.: 26-cv-1473-JES-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Feruz K. Odilov's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents filed a return, and Petitioner filed a traverse. ECF Nos. 3-4.

Petitioner, a native of Uzbekistan, first entered the United States in November 2022. ECF No. 1 ¶¶ 21, 23. He was released into the United States at that time, and currently is in removal proceedings, with a pending asylum claim. *Id.* ¶ 23. Since his release, he lived in Sacramento, obtained a work permit, and worked under this permit. *Id.* ¶ 3. He alleges that he has never been arrested or convicted of any crimes. *Id.* ¶ 4. On February 27, 2026, Petitioner was detained while he was working as truck driver. *Id.* ¶ 7. Petitioner alleges that his detention violates Due Process and the Immigration and Nationality Act. *Id.*

Respondents do not substantively address any of the merits of the claim in their return. Rather, they only state: "Upon careful review of the Petition, Respondents hereby submit their Notice of Non-Opposition to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings." ECF No. 3. Petitioner responded in a traverse, stating that a bond hearing is not sufficient and he should be released. ECF No. 4.

In light of Respondents' non-opposition, the Court will decline to engage in a full analysis of the claims as well. However, the Court notes that it agrees with Petitioner that release is the appropriate relief here. Petitioner states, and Respondents do not refute, that he was previously released on some form of parole by the government when he first entered in 2022. Many courts, including this one, have repeatedly held that prior release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Rivera v. Warden, Otay Mesa Det. Ctr.*, No. 26-CV-375-JES-AHG, 2026 WL 310193, at *2-3 (S.D. Cal. Feb. 5, 2026); *Besalti v. LaRose*, No. 26-CV-270-JES-JLB, 2026 WL 242042, at *2-3 (S.D. Cal. Jan. 29, 2026); *Singh v. LaRose*, No. 26-CV-0556-JES-VET, 2026 WL 353355, at *2-3 (S.D. Cal. Feb. 9, 2026); *Ramales v. LaRose*, No. 26-CV-501-JES-DEB, 2026 WL 280216, at *2-3 (S.D. Cal. Feb. 3, 2026); *Minhas v. Bondi*, No. 26-CV-492-JES-BLM, 2026 WL 280220, at *2-3 (S.D. Cal. Feb. 3, 2026). Accordingly, the Court adopts its reasoning and finds that due process requires release of Petitioner here.

The Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his prior that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **March 24, 2026**, confirming that Petitioner has been released.

//

//

//

//

2

26-cv-1473-JES-DDL

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 19, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-1473-JES-DDL